IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STEVEN FIELDS | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.  _____ |
| JAMES CONSTRUCTION GROUP, LLC | § | |
| *Defendant* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW,  STEVEN FIELDS (hereinafter referred to as "PLAINTIFF"),  and files this  his

Original Complaint complaining of  JAMES CONSTRUCTION GROUP, LLC.  (hereinafter referred to as

"JAMES" or  "Defendant") and  for cause of action would respectfully show unto the Court as follows:

I.

Jurisdiction and Venue

(1) This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c) (1), based upon the

complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon

diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of

interest and costs.  The Plaintiff  is a citizen of the State of Texas.  The Defendant, JAMES

CONSTRUCTION GROUP, LLC is a foreign corporation, is not a citizen of Texas and its principle

office is in the State of Florida.

(2) Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a

substantial part of the events giving rise to this cause of action occurred within this judicial

district.

II.

Parties

(3)  The Plaintiff is an individual whose address is 603 West 4th St., Mt. Pleasant, Texas  75455.


(4)  The Defendant,   JAMES CONSTRUCTION GROUP, LLC  is  a Corporation who is based in  Florida,
engages or has engaged in business in the State of Texas.   This lawsuit arises out of the business
done in this state and to which said Defendant is a party.  Therefore, under Section 17.044 of
the Texas Civil Practice and Remedies code, substituted service on said Defendant should be
made by serving the Registered Agent for Service, Corporation Service Company d/b/a CSC-
Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas  78701-4234.
Service of said Defendant as described above can be effected by Certified Mail Return Receipt
Requested.


III.

Factual Allegations

(5)  On or about October 7, 2014, Plaintiff,   STEVEN FIELDS, was traveling  Southbound  in the 2500
Block of S. Jefferson St. in Mt. Pleasant, Titus County, Texas.  A pick up truck under the control of
Defendant JAMES was being driven by its employee,  PASQUAL PAZ PEREZ and traveling
Southbound in the 2500 Block of S. Jefferson St. in Mt. Pleasant, Titus County, Texas.  Mr.  Perez
merged into the southbound lane from the center lane striking the left back quarter of Plaintiff's
vehicle.  PASQUAL PAZ PEREZ, was driving with permission, in the course and scope of his
employment with his employer, Defendant,   JAMES, a pick up truck under the control of the
Defendant, JAMES.   By striking Plaintiff's vehicle Mr. Perez and Defendant's vehicle caused
Plaintiff to sustain personal injuries as a result of the occurrence.


(6)   At all times relevant to this lawsuit, Defendant,  JAMES, was an "employer" as defined by 49
C.F.R. §390.5.


(7)   At all times relevant to this lawsuit,  PASQUAL PAZ PEREZ, was an "employee" of Defendant,
JAMES , as per 49 C.F.R. §390.5.

IV.

<u>Employee Negligence</u>

(8)   Plaintiff incorporates by reference paragraphs 1 through 7 above.


(9)   Plaintiff alleges that PASQUAL PAZ PERES,  an employee of Defendant JAMES, through his acts
      and omissions, was negligent, and such negligence was a proximate cause of the injuries in
      question.  Plaintiff's resulting injuries and damages were proximately caused by one or more of
      the following acts and/or omissions of negligence on the part of PASQUAL PAZ PEREZ, an
      employee of Defendant JAMES:

      a.   In failing to keep such a lookout as would have been kept by a person exercising
           ordinary care and prudence under the same or similar circumstances;

      b.   In failing to timely and properly apply his brakes as would have  been done by a person
           exercising ordinary care and prudence under the same or similar circumstances;

      c.   In failing to yield the right of way to Plaintiff's vehicle as would have been done by a
           person exercising ordinary care and prudence under the same or similar circumstances.

      d.   In violating Texas Transportation Code Sec. 545.060(a), which provides, "an operator on
           a roadway divided into two or more clearly marked lanes for traffic:  1.  Shall drive as
           nearly as practical entirely within a single lane; and 2. May not move from the lane
           unless that movement can be made safely, " which constituted negligence.

      e.   In traveling at a faster rate of speed  as would have  been done by a person exercising
           ordinary care and prudence under the same or similar circumstances.

      f.   PASQUAL PAZ PEREZ, an employee of Defendant  JAMES was negligent in other
           respects.


(10)  PASQUAL PAZ PEREZ, an employee of Defendant JAMES'S acts and/or omissions also breached a
      legislatively imposed standard of conduct, and thus constituted negligence per se.  In this
      regard,  PASQUALL PAZ PEREZ, an employee of Defendant JAMES, violated the standards of
      conduct set forth in Tex. Trans. Code 545.351(a) and (b),  545.060, 545.051 and 49 C.F.R. §392.2.

V.

Cause of Action:  Defendant  JAMES

(11) Plaintiff incorporates by reference paragraphs 1 through 10 above.

(12) Plaintiff would further show that at the time of the accident made the basis of this lawsuit,
PASQUAL PAZ PEREZ, was an employee of Defendant,   JAMES, and acting within the course and
scope of his employment for Defendant JAMES, and in the furtherance of the business interest
and pursuits of said Defendant.  In this regard, Plaintiff hereby invokes the Doctrine of
Respondent Superior and therefore alleges and contends that each negligent act/or omission on
the part of PASQUAL PAZ PEREZ, is imputed to Defendant,  JAMES, and Defendant,  JAMES, is
vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to
have been perpetrated by its employee driver.

(13) Plaintiff would further show that at the time the accident made the basis of this lawsuit
occurred,  PASQUAL PAZ PEREZ, was, and is considered a statutory employee of Defendant,
JAMES, pursuant to Title 49 §14102 of the United States Code, 49 C.F.R. 376.12  and also per 49
C.F.R. §390.5 and contends that Defendant,  JAMES, is vicariously liable for all negligent and
grossly negligent acts and/or omission of its employee driver.

(14) Plaintiff would further show that prior to the time the collision occurred, Defendant,   JAMES,
was the owner and/or  was in possession, custody and control of the truck driven by PASQUAL
PAZ PEREZ, on the date of the accident made the basis of this lawsuit.  On or about October 7,
2014, Defendant,   JAMES, directed PASQUAL PAZ PEREZ, to use the vehicle in question for the
purposes of operating it on the public streets and highways of Texas and, therefore,   PASQUAL
PAZ PEREZ, operated said vehicle with the knowledge, consent and permission of Defendant
JAMES.

(15) Plaintiff would further show that Defendant,   ALLIED, was the owner and/or in possession,
custody and control of the vehicle that was being driven by PASQUAL PAZ PEREZ, at the time of
the accident made the basis of this lawsuit.  Defendant,  JAMES, was negligent in entrusting the
vehicle to PASQUAL PAZ PEREZ, who was a careless, incompetent and reckless driver.
Defendant,   JAMES, knew or should have known that PASQUAL PAZ PEREZ, was a careless,

incompetent and reckless driver.  Defendant,  JAMES, was negligent in entrusting the vehicle to

its employee,  PASQUAL PAZ PEREZ, which in turn was a proximate cause of the collision and the

accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

(16) Plaintiff further alleges that Defendant,  JAMES, through its acts and/or omissions, was

negligent, and such negligence was a proximate cause of the accident and injuries in question.

Plaintiff's resulting injuries and damages were proximately caused by one or more of the

following acts of negligence on the part of Defendant, JAMES:

    a.   In hiring and/or retaining its employee driver;

    b.   In allowing its employee to drive the vehicle in question; and

    c.   In failing to instruct, supervise, and control its employee driver.

(17) Plaintiff further alleges that Defendant,   JAMES, by and through its acts and/or omissions, and

of its employee driver as set out and plead for above and below, exceeded the test for

negligence and committed acts and/or omissions of gross negligence that amounted to

more than momentary thoughtlessness, inadvertence or error of judgment.  Plaintiff

alleges that said acts and/or omissions amounted to such an entire want of care as to

establish that the act or omission was the result of actual conscious indifference to the

rights, safety or welfare of Plaintiff.  Plaintiff further alleges that the Defendants' acts

and/or omission of gross negligence created an extreme degree of risk to Plaintiff.

Plaintiff further alleges that the Defendant's acts and/or omissions of gross negligence,

when viewed objectively from the standpoint of the Defendant at the time of its

occurrence, involved an extreme degree of risk considering the probability and

magnitude of potential harm to others, including Plaintiff.  Plaintiff further alleges that

the Defendant had actual subjective awareness of the risk involved but, nevertheless,

proceeded with conscious indifference to the rights, safety and welfare of Plaintiff.  In

this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

VI.

Damages

(18) Plaintiff   STEVEN FIELDS' damages include past, and probable future loss, which includes:

a.   Pain and mental anguish;

b.   Physical and mental impairment

c.   Disfigurement;

d.   Loss of Wages;

e.   Loss of Wage Earning Capacity; and

f.   Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(19) Plaintiff respectfully requests a trial by jury on all issues.

(20) Plaintiff seeks judgment against Defendant,  for  his actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

Dated February 10, 2016.                          Respectfully submitted,

Negem & Worthington
440 South Vine Ave.
Tyler, Texas  75702
903.595.4466 (telephone)
903.593.3266 (facsimile)

_s/s Joe Worthington_
Joe M. Worthington
State Bar No. 22009950
Jimmy M. Negem
State Bar No.  14865500
joe@negemlaw.com
ATTORNEYS FOR PLAINTIFF